IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLUB GRAVITY, INC. dba PLANET ROCK; RICHARD TRIHN; and AMPHOUVANHA CHANTHALANGSY,<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>MOHAMMED JACK MOGHADDAM; GARY PRICE; JOHN OSBOURN; CITY OF MARYSVILLE; CITY OF MARYSVILLE POLICE DEPARTMENT; GRET GOMMER;<br><br>　　　　　Defendants. | 2:07-cv-488-GEB-EFB<br><br><br>ORDER[*] |

　　　Defendant Mohammed Jack Moghaddam ("Moghaddam") moves for dismissal of Plaintiffs' first amended complaint ("FAC") under Federal Rule of Civil Procedure 12(b)(6), arguing that Plaintiffs lack standing to assert claims based on the rights of third parties.[1] (Moghaddam's Mot. at 3-4.)  Defendants City of Marysville, Marysville Police Department, John Osbourn, and Gary Price (collectively,

---

[*] This matter was determined to be suitable for decision without oral argument.  L.R. 78-230(h).

[1] All references to "Rules" are to the Federal Rules of Civil Procedure.

1

1  "Marysville Defendants") also move for dismissal of Plaintiffs' FAC
2  under Rule 12(b)(6), arguing Plaintiffs' action is barred by res
3  judicata and Plaintiffs lack standing to assert claims based on their
4  patrons' rights.  (Marysville Defs.' Mot. at 5:16-19.)  Plaintiffs
5  oppose both motions.  Defendant Greg Gomer filed a statement of non-
6  opposition to both motions.

FACTUAL ALLEGATIONS

Plaintiffs and Moghaddam entered into a purchase agreement for Moghaddam's property, following which Plaintiffs began using the property as a bar and nightclub called Planet Rock.  (FAC ¶ 11.) Plaintiffs state they played hip-hop and rap music, and "generally cater[ed] to the African American Community as [its] client base." (Id.)  On July 1, 2006, Plaintiffs held an event which required Plaintiffs to hire two Marysville police department officers for added security.  (Id. ¶ 16.)  Plaintiffs allege that night Defendant Osborne organized a sting operation of Plaintiffs' nightclub because of his racial animus towards African Americans.  (Id.)  Plaintiffs allege that while the sting was taking place, Plaintiffs were not able to permit patrons into the club, which caused the line outside to triple in size.  (Id.)  Plaintiffs allege that as a result of this crowd, Defendant Marysville Police Department called additional law enforcement officers "to run the African American crowd out of town." (Id.)

Plaintiffs allege they were then notified that their use permit was suspended pending a revocation hearing to be held at the City Planning Commission.  (Id. ¶ 17.)  At the revocation hearing, Plaintiffs' use permit was revoked.  (Id. ¶ 18.)  Plaintiffs allege their use permit was revoked as a result of Defendants' racial animus

2

1 toward African Americans. (Id. ¶ 16.)  Plaintiffs filed an appeal of
2 this revocation with the Marysville City Counsel. (Id. ¶ 19.)  The
3 City Counsel voted to uphold the revocation of Plaintiffs' use permit.
4 (Id.)
5      Prior to the City Council's hearing, Plaintiffs allege
6 Moghaddam forcibly entered Planet Rock and that he convinced the
7 Marysville Police Department he had Plaintiffs' permission to change
8 the locks at Planet Rock and that the Marysville Police Department did
9 nothing to verify this assertion. (Id. ¶¶ 21-22.)  Plaintiffs assert
10 they then attempted to enter Planet Rock while Moghaddam was there and
11 that Moghaddam called the Marysville Police Department. (Id. ¶ 22.)
12 Plaintiffs allege Moghaddam told John Osbourn, the police officer who
13 responded to the call, that Moghaddam was entitled to possession of
14 the property because Plaintiffs had defaulted on their payments.
15 (Id.)  Plaintiffs further allege Osbourn informed Plaintiffs he had
16 "found a default and was awarding possession of the premises to
17 [Moghaddam] and threatened the Plaintiffs with arrest if they did not
18 leave." (Id.)  Plaintiffs allege that "[i]mmediately thereafter,
19 Defendant Moghaddam began dismantling, removing and destroying the
20 club so that Plaintiffs would be unable to resume business operations
21 after regaining possession." (Id.)  Plaintiffs allege that when they
22 contacted the police regarding the destruction of the club, the police
23 refused to act because it was a civil matter. (Id. ¶ 23.)  Plaintiffs
24 further allege that "[a]ll of Defendants['] actions described above
25 were taken to accomplish one goal, namely to stop the continued
26 presence of African Americans in Marysville." (Id. ¶ 27.)  Plaintiffs
27 allege these actions constitute violations of 42 U.S.C. §§ 1981, 1983,
28

1985, 1986, constitutional due process rights, and equal protection rights. (Pls.' Compl. ¶¶ 31-60.)

## DISCUSSION

### I. Motion to Dismiss Standard

Dismissal is appropriate under Rule 12(b)(6) if a pleading fails to state a claim upon which relief may be granted by either (1) failing to present a cognizable legal theory, or (2) failing to plead sufficient facts to support a cognizable legal theory. Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 533-34 (9th Cir. 1984). When deciding the motion, the court must accept as true all material allegations and construe them in the light most favorable to the non-moving party. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996). The non-moving party is given the benefit of every reasonable inference that can be drawn from its allegations. Retail Clerks Int'l Ass'n v. Shermahorn, 373 U.S. 746, 753 n.6 (1963).

### II. Motion to Dismiss Analysis

#### A. Res Judicata

Marysville Defendants seek dismissal of Plaintiffs' FAC, arguing that the City Council upheld the revocation of Plaintiffs' use permit and that if "a party wishes to have a superior court review such a decision, that party has ninety days from the date the decision becomes final within which to file a petition for review" and "Plaintiffs failed to file a petition for mandamus." (Marysville Defs.' Mot. at 7:12-19.) Plaintiffs do not dispute they did not file an appeal of the City Council's decision and that the deadline for appeal has passed; however, Plaintiffs rejoin that "the City Council's jurisdiction in this case [was] limited to determine whether

1 [P]laintiffs' conditional use permit should be revoked or not.  The
2 City Council clearly has no jurisdiction to determine claims of police
3 misconduct directly.  Those issues were not before the council."
4 (Pls.' Opp'n to Marysville Defs.' Mot. at 4:19-22.)

5 　　　　Marysville Defendants have not shown Plaintiffs' claims are
6 barred by res judicata.  Therefore, this portion of Marysville
7 Defendants' motion is denied.

8 　　B.  Standing

9 　　　　Marysville Defendants and Moghaddam (collectively, "Moving
10 Defendants") also seek dismissal of Plaintiffs' FAC, arguing "[a]ll
11 [P]laintiffs' claims . . . are premised on the proposition that
12 [Plaintiffs] are somehow entitled to assert claims based on the rights
13 of their African American customers" and Plaintiffs lack standing to
14 assert those claims.  (Marysville Defs.' Mot. at 8:20-22; Moghaddam's
15 Mot. at 4:1-2.)  Plaintiffs rejoin their claims are not based on the
16 rights of their customers, but rather assert that "[P]laintiffs were
17 punished for exercising [the] constitutionally protected right[s] . .
18 . to engage in the business of their own choosing" and "to associate
19 with African Americans."  (Pls.' Opp'n to Marysville Defs.' Mot. at
20 9:21-24.)  Marysville Defendants reply "[i]f [P]laintiffs intend only
21 to assert constitutional claims of their own, based on discrimination
22 against their patrons, then [Marysville Defendants] have no quarrel
23 with that argument."  (Marysville Defs.' Reply at 10:4-6.)  However,
24 Marysville Defendants argue Plaintiffs "cannot assert section 1985
25 claims unless they are members of the class discriminated against."
26 (Id. at 10:17-18.)  Moghaddam replies that "[d]espite what
27 [P]laintiffs claim in their opposition, the claims in the first
28 amended complaint are based upon action taken by all of the defendants

against African-Americans in general" and he "reiterates [P]laintiffs' lack of standing to assert these claims based on the rights of third persons." (Moghaddam's Reply at 3:5-7.)

To "have standing under [§] 1985" Plaintiffs must "show they are members of a class that the government has determined 'requires and warrants special federal assistance in protecting their civil rights.'" Maynard v. City of San Jose, 37 F.3d 1396, 1403 (9th Cir. 1994). Plaintiffs have not shown they are members of such a protected class. Therefore, Plaintiffs' § 1985 claim is dismissed.

Plaintiffs allege Moving Defendants "deprived [P]laintiffs of federally protected rights, privileges and immunities," and that "[P]laintiffs have suffered and will continue to suffer injury" as a result. (FAC ¶¶ 32, 36; see also ¶¶ 39, 42, 46, 48, 49, 51, 53, 55, 57, 59; Pl.'s Opp'n to Marysville Defs.' Mot. at 1:24.) Therefore, Plaintiffs are "not suing on behalf of anyone else [but are] assert[ing] [their] own right[s] [and] alleg[ing] injuries that are personal to [them]." Maynard, 37 F.3d at 1403. Moving Defendants have not shown Plaintiffs' remaining claims should be dismissed. Accordingly, these portions of Moving Defendants' motions are denied.

## CONCLUSION

For the stated reasons, Plaintiffs' second claim alleging violations of § 1985 is dismissed without prejudice. The remainder of Moving Defendants' motions are denied. If Plaintiffs can state facts sufficient to assert a § 1985 claim, Plaintiffs are granted leave to amend their FAC to address that claim, provided that the amended

///

///

complaint is filed no later than ten days from the date on which this order is filed.

      IT IS SO ORDERED.

Dated: August 30, 2007

                                         GARLAND E. BURRELL, JR.
                                         United States District Judge