IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

```
CLUB GRAVITY, INC. dba PLANET ROCK;  )
RICHARD TRINH; AMPHOUVAHNA           )    2:07-cv-00488-GEB-EFB
CHANTHALAMGSY,                       )
              Plaintiffs,            )
                                     )    ORDER*
         v.                          )
                                     )
MOHAMMED JACK MOGHADDAM; CITY OF     )
MARYSVILLE; MARYSVILLE POLICE        )
DEPARTMENT; JOHN OSBORNE; GARY       )
PRICE; GREG GOMER,                   )
                                     )
              Defendants.            )
_____)
```

On December 19, 2007, Defendant Greg Gomer moved for summary judgment on each cause of action in Plaintiffs' Complaint on the ground that he "has no liability under any of the allegations or averments of the complaint." (Mot. at 2:1-3.)  Mr. Gomer also moved for $27,625.00 in attorney's fees under 42 U.S.C. § 1988(b). (Id. at 6:14-15.)  On February 13, 2008, Plaintiffs filed a document in which

---

   *   This matter was determined to be suitable for decision without oral argument.  L.R. 78-230(h).

1

1 they purport to voluntarily dismiss the action with prejudice as to
2 Mr. Gromer under Federal Rule of Civil Procedure 41(a).[1]  (Notice of
3 Voluntary Dismissal of Greg Go[]mer, Dkt No. 54.)  On February 14,
4 2008, the Clerk of the Court entered a notice that Mr. Gomer was
5 terminated as a party in this action.

6        Plaintiffs' dismissal of Mr. Gomer, however, was defective
7 under Rule 41(a) because Mr. Gomer had already submitted an answer in
8 this action as well as a motion for summary judgment and Plaintiff did
9 not obtain a stipulation of dismissal by all parties who have
10 appeared, nor did plaintiff request a court order.  (Dkt. Nos. 14,
11 41.)  "[T]he plaintiff may dismiss an action without a court order by
12 filing: (i) a notice of dismissal before the opposition party serves
13 either an answer or a motion for summary judgment; or (ii) a
14 stipulation of dismissal signed by all parties who have appeared."
15 Rule 41(a).  However, the docket entry for Plaintiffs' notice of
16 voluntary dismissal reveals that it was served on all parties and
17 there is no indication that the parties did not intend to be bound by
18 the dismissal.  Cf. Broadcast Music, Inc. v. M.T.S. Enters., Inc., 811
19 F.2d 278, 279 (5th Cir. 1987) (finding formal requirements of Rule
20 41(a)(1) need not be followed to effectuate dismissal when intent of
21 parties was to dismiss).  Accordingly, this order will serve to
22 effectuate Plaintiffs' dismissal as required by Rule 41(a).  But
23 first, the request for attorney's fees must be addressed.

24        In support of his request for attorney's fees, Mr. Gomer
25 simply declares "I have incurred approximately $27,625.00 in the
26 defense of this litigation.  I say approximately as I am including the

---

[1]   All subsequent references to Rules are to the Federal Rules of Civil Procedure.

2

anticipated costs that will be incurred between now and any ruling on my Motion for Summary Judgment.  As of this writing my costs are $23,625.00."  This conclusory declaration is insufficient to justify an award of attorney's fees.  <u>See</u> L.R. 54-293(b)(4).  Therefore, Mr. Gomer's request for attorney's fees is denied.  Mr. Gomer is hereby dismissed from this action with prejudice as Plaintiff requested.

    IT IS SO ORDERED.

Dated:  March 7, 2008

                                 _____
                                 GARLAND E. BURRELL, JR.
                                 United States District Judge